IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| POGO PRODUCING COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2432 |
| | § | |
| KEM ANTHONY MOORE, | § | |
|     Defendant. | § | |

### MEMORANDUM AND ORDER

This is an action for declaratory and injunctive relief in which Plaintiff Pogo Producing Company ("Pogo") seeks a declaratory judgment and an order enjoining Defendant Kem Anthony Moore ("Moore") from filing a complaint against Pogo with the Securities and Exchange Commission ("SEC") concerning matters arising from mineral and other rights claimed by Moore in connection with real property now owned by Pogo. The parties both have filed several motions, each of which will be addressed herein. Pogo filed a Motion for Partial Summary Judgment Regarding Defendant's Hathorn and Houston Claims [Doc. # 20] and a Motion for Partial Summary Judgment Regarding Defendant's Cuffie Claim [Doc. # 21] (collectively, the "Motions"). Moore has responded to these motions [Docs. # 28, # 29], and filed a "Motion for Mandatory Judicial Notice by Affidavit" [Doc. # 31], with numerous exhibits, to which Pogo has responded [Docs. # 28, # 33]. Moore also has filed an Affidavit and Motion for

Judgment on the Pleadings [Doc. # 32]. Pogo has filed both a response [Doc. # 29] and objections [Doc. # 30] to Moore's latter pleading. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Pogo's Motions should be **granted** and that Pogo is entitled to summary judgment granting it a declaration that Moore's claims for damages relating to the Hathorn, Houston, and Cuffie properties lack legally viability. The Court also addresses Pogo's request for injunctive relief. [1]

## I.  BACKGROUND

Pogo is a producer of oil and gas. North Central Texas Oil Company was acquired by North Central Oil Corporation ("North Central") in 1955. In 1999, Pogo

---

[1] Pogo requests a declaratory judgment pursuant to 28 U.S.C. § 2201, predicated on the assertion that Moore has asserted frivolous claims against it in federal and state courts in the past and threatens to do so again. The prior claims included allegations of mail fraud and other violations of federal law, which create federal question jurisdiction under 28 U.S.C. § 1331. Pogo's claim for injunctive relief is within this Court's jurisdiction under 28 U.S.C. § 1651(a), which allows the Court to "issue all writs necessary or appropriate in aid of" its jurisdiction. Pogo's request for an injunction is based in part on the need for the federal court to protect its jurisdiction and the integrity of previous final federal court judgments. *See* text *infra*. The Court also exercises pendent jurisdiction over Pogo's declaratory judgment request regarding Moore's threats of inextricably-linked state law claims. *See Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 334 (5th Cir. 2006) ("Where a case is before the court under federal question jurisdiction, pendent-claim jurisdiction over state law claims exists where there is a 'common nucleus of operative fact.'") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 1138 (1966)).

purchased North Central and on January 1, 2006, North Central was merged into Pogo.[2]

Moore claims that in the 1920s, certain of his ancestors, allegedly illiterate ex-slaves, and others were defrauded of rights to their land. Specifically, Moore claims that a mineral deed from Jason and Mary Hathorn to Frank Estes was obtained by fraud. Moore also claims that a mineral deed from Coley Houston to Estes was forged. Finally, Moore alleges that a mineral deed from Frank Cuffie to Estes was forged. There is no dispute that mineral interests obtained by Estes were assigned to North Central.

Moore has been pursuing his claims against Pogo, North Central's successor in interest, since at least 1999, when he began researching the histories of the properties in dispute. On May 7, 2001, claiming to represent himself and the rightful heirs to these properties, Moore wrote to Pogo and demanded the non-negotiable sum of $50,000,000 in "reparations."[3] In return, Moore offered to refrain from filing criminal and civil complaints against Pogo and to "withhold from the public" information concerning his allegations. He also indicated that he would file a complaint with the

---

[2]   *See* Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings [Doc. # 33], at 5.

[3]   Letter from Kem Anthony Moore to North Central Oil Corporation, dated May 7, 2001, Exhibit E to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-3], at 11.

SEC, and that he anticipated that such a complaint would turn into a lengthy and trying investigation into Pogo and its individual directors.[4]

Pogo rejected Moore's settlement offer.  True to his word, Moore began litigating his claims.  He began by filing an action in Texas state court, attempting to reopen a 1927 lawsuit filed by the Hathorns.  Moore asserted that the Hathorns had successfully sued to recover the mineral estate in their property, but that the judgment had not been honored.  He was unable then and now, however, to produce a copy of the judgment or any evidence of its content.  In November 2001, the Texas state court dismissed this suit for lack of jurisdiction.[5]

While this Texas state court case was still pending, Moore filed another suit in the United States District Court for the Eastern District of Texas.  There, he accused Pogo of transporting stolen securities (the allegedly fraudulent deeds) across state lines in violation of 18 U.S.C. § 2314.  He also leveled accusations of criminal and civil contempt of court, fraud, theft, trespass, conversion, and conspiracy to do the same.  He asked for $75,000,000 in compensatory damages and $300,000,000 in punitive

---

[4]   *Id.*

[5]   *See Jason Hathorn and Wife, Mary Hathorn v. Frank E. Estes, et al.,* Order Granting Motion to Dismiss for Want of Jurisdiction, Civil Action No. 4467 (28th Dist. Ct., Trinity County, Tex. Nov. 8, 2001), Exhibit B to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-2].

damages.[6] The Federal case was transferred to the Southern District of Texas. In November 2001, Moore voluntarily dismissed that suit.

Following dismissal of his first two legal actions, Moore did not assert these claims again for several years. In 2004, he filed another suit in Federal court.[7] He alleged again that Pogo's predecessor in interest defrauded vulnerable and illiterate landowners, and specifically referred to the Cuffie, Houston, and Hathorn properties. Moore was incarcerated at the time. The court therefore screened his complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it, holding that Moore's claims were frivolous and failed to state a claim upon which relief could be granted.[8] Moore's claims were based in part on the 1927 Hathorn suit, which the Federal court determined commenced the limitations period on any claims related to that property. The Federal court accordingly held that Moore had filed his suit 73 years after expiration of the 4-year statute of limitations applicable to fraud and civil RICO claims.[9] Additionally, the court ruled that the *Rooker/Feldman* doctrine prohibited it from interfering with the

---

[6]  *See Moore v. Pogo Producing Co., et al*, Plaintiff's Peremptory Writ, Civil Action No. 9:01-cv-214, Exhibit C to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-2], at 15.

[7]  *See Moore v. Pogo Producing Co.*, Civil Action No. H-04-0453.

[8]  *See* Memorandum and Order of Dismissal, *Moore v. Pogo Producing Co.*, Civil Action No. 04-0453 (S.D. Tex. Feb. 12, 2004).

[9]  *Id*. at 4.

state court's decision in the 1927 Hathorn suit. *See id.*; *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 513 U.S. 906 (1994). Moore did not appeal this decision. Rather, he filed a motion under Federal Rule of Civil Procedure 60(b) in which he contended that the 1927 Hathorn suit would only have started the limitations period on claims directly relating to the Hathorn property, and that only those claims would be barred by the *Rooker/Feldman* doctrine. Moore asked that his complaint be reinstated insofar as it included claims relating to other properties including, as relevant here, the Cuffie and Houston properties. That motion was denied on procedural grounds, and the denial was upheld on appeal. *See Moore v. Pogo Producing Co.*, 134 Fed. Appx. 739 (5th Cir. 2005). The decision in this Federal case became final in late 2005.

Moore then filed two more civil suits. One, in Texas state court, related only to the Houston property and was dismissed as frivolous by that court in April, 2004.[10] The other suit related only to the Hathorn property and was filed in the United States District Court for the Eastern District of Texas, and was voluntarily dismissed by Moore in late 2004.[11]

---

[10] *See Moore v. Pogo Producing Co.*, Order Granting Motion to Dismiss, Cause No. 2004-10797 (164th Dist. Ct., Harris County, Tex. April 26, 2004), Exhibit P to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-5].

[11] See *Moore v. Pogo Producing Co.*, Order of Dismissal, Civil Action No. 9:04-cv-199 (E.D.
(continued...)

## II.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of

---

[11]  (...continued)
Tex. Dec. 2, 2004), Exhibit T to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-6].

the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary

judgment." *See id.* (internal citations and quotations omitted); *see also De la O v. Hous. Auth. of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005).

### III.   MOORE'S MOTIONS

#### A.   Motion for Mandatory Judicial Notice

Moore's Motion for Mandatory Judicial Notice [Doc. # 31] invokes Federal Rule of Evidence 201(d), which requires the Court to take mandatory "judicial notice if requested by a party and supplied with the necessary information." The Court may only take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 n.9 (5th Cir. 2005).

Moore's motion asks the Court to take judicial notice of his own affidavit and forty-four supporting exhibits [Doc. # 31]. Moore's own affidavit, which consists of legal arguments and citations, is not amenable to judicial notice under Rule 201. Certain exhibits, such as copies of deeds, liens, and complaints Moore or others filed in various courts, however, would be appropriate subjects for judicial notice if properly authenticated. *See Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995). Judicial notice requires submission of "unimpeached

certified copies" of legal documents. *Id.* It does not appear that any of Moore's documents have been certified. The Court has no obligation to take judicial notice of them and does not do so.[12]

Certain others exhibits, particularly the affidavits of Moore's forensic document analyst and other individuals,[13] are "subject to reasonable dispute" in that they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Indeed, Pogo disputes the conclusions in these affidavits. These documents are not entitled to judicial notice.[14]

### B. Moore's Motion for Judgment on the Pleadings

Moore seeks judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), dismissing Pogo's Complaint in this case. Moore argues that he has presented irrefutable evidence that the deeds underlying Pogo's claim to these mineral estates were forged, and that he cannot be enjoined from submitting a valid criminal complaint to the SEC, the Federal Bureau of Investigation, or a court of law. The Court

---

[12] To the extent Pogo does not dispute the proffered documents, such as deeds, liens and complaints or other official documents filed of public record, the Court has reviewed the materials in considering the summary judgment motion, and will give them the weight to which they are entitled, if any.

[13] Doc. # 31, Exhibits 25, 34 and 35.

[14] As noted above, however, the Court nevertheless has considered these exhibits as part of the summary judgment record.

does not reach the issue of the sufficiency of Moore's evidence. Moore's claims against Defendant are barred by *res judicata* and the statute of limitations, as discussed below.[15]

Moore points to several criminal statutes that he argues *compel* him to file his complaint. Specifically, he relies on 18 U.S.C. §§ 3 (accessories after the fact), 4 (misprision of felony), and 1510 (obstruction of criminal investigations). None of these statutes requires Moore to report his theories to governmental authorities.[16] Judgment on the pleadings dismissing this case is not warranted. Pogo has shown itself to have a valid claim for declaratory relief, as explained hereafter.

## IV.   POGO'S MOTIONS

### A.   The Hathorn and Houston Property Claims

Pogo has filed a Motion for Partial Summary Judgment regarding Defendant's claims based on the Hathorn and Houston properties. *See* Doc. # 20. Pogo contends

---

[15]   The Court does not by implication suggest that Moore's evidence proves any forgery or that he has any other rights to the mineral or property interests in issue.

[16]   In particular, 18 U.S.C. § 3 creates criminal liability for anyone who "receives, relieves, comforts or assists" an offender, while misprision of felony (18 U.S.C. § 4) is a crime only where "the defendant took an affirmative step to conceal the felony." *See also United States v. Adams*, 961 F.2d 505, 509 (5th Cir. 1992). Section 1510 of Title 18 of the United States Code, as relevant, applies only to those who obstruct a criminal investigation through bribery or by revealing the existence of a subpoena. Even if these statutes were a basis for Moore to act, he has already done so by energetically pursuing his claims against Pogo. He has no obligation to do anything further.

that it is entitled to a judicial declaration under the doctrine of *res judicata* that Pogo has no civil liability to Moore pertaining to these properties. *Res judicata* prevents parties from relitigating issues that already have been adjudicated, but "applies only where (1) the parties to the respective actions are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action resulted in a final judgment on the merits; and (4) the same cause of action is involved in both cases." *Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 326 (5th Cir. 2006). Those factors are plainly met here with regard to Moore's claims about the Hathorn and Houston properties. Those claims have been addressed by both Federal and Texas state courts in cases in which the parties were identical. Both the Texas and Federal courts had jurisdiction over Moore's claims,[17] and the underlying cause of action—that Pogo is benefitting from its or its predecessor-in-interest's fraudulent acquisition of mineral rights that rightfully belong to Moore—was raised and litigated. The Hathorn property claims were dismissed on the merits in the Federal court's Memorandum and Order of Dismissal in *Moore v. Pogo Producing Co.*, Civil Action No. H-04-0453 (S.D. Tex. Feb. 12, 2004). A Texas state district court dismissed a suit filed by Moore raising, in pertinent part, claims regarding his interests in the minerals on the Houston

---

[17]   Moore's complaints in Federal courts included allegations that Pogo violated federal securities law, creating federal question jurisdiction under 28 U.S.C. § 1331.

property.  *See* Order Granting Motion to Dismiss, *Moore v. Pogo Producing Co.*, Cause No. 10797 (164th Dist. Ct., Harris County, Tex. April 26, 2004).[18]  Accordingly, Pogo is entitled to a declaratory judgment that the claims Moore is attempting to pursue —that Pogo's predecessor in interest defrauded his ancestors of their interest in the Houston and Hathorn mineral interests—are barred by *res judicata*.

### B.     The Cuffie Property Claims

Pogo's Motion for Partial Summary Judgment Regarding Defendant's Cuffie Claim [Doc. # 21] asserts that any possible claim Moore might bring in relation to the Cuffie property is barred by the doctrine of laches.  Pogo argues that this result pertains even if Moore personally only learned recently of this putative cause of action.  Pogo asserts that it is severely prejudiced by the nearly eighty years since the time of the alleged fraud, because there are no living witnesses to the events in question.  The Fifth Circuit makes clear that the lack of available witnesses is a significant factor in determining whether a party is prejudiced by a potential plaintiff's delay in filing suit. *See Nat'l Assoc. of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 710-11 (5th

---

[18] It is further noted that a Texas court dismissed for lack of jurisdiction Moore's 2001 suit challenging the 1927 judgment and that ruling became final no later than early 2002.  Aside from this dismissal, Moore has twice voluntarily dismissed his claims arising from the Houston property.  *See Moore v. Pogo Producing Co.*, Order of Dismissal, Civil Action No. H-01-2989 (S.D. Tex. Nov. 20, 2001); *Moore v. Pogo Producing Co.*, Order of Dismissal, Civil Action No. 04-0199 (E.D. Tex. Dec. 2, 2004).  Pursuant to Federal Rule of Civil Procedure 41(a)(1), Moore's second voluntary dismissal of these Houston property-related claims had the effect of "an adjudication upon the merits."

Cir. 1994). Moreover, there is some indication that Texas public policy and the theory of adverse possession precludes a plaintiff from contesting the validity of a deed so long it is executed and remains unchallenged for a period exceeding the state's longest statute of limitations. *See Gonzales v. Yturria Land & Livestock Co.*, 72 F.Supp. 280, 282 (S.D. Tex. 1947), and cases and authorities cited therein; Sue Ortman, USLTA*: Marketable Record Title Act—a New Title Theory and its Effect on Texas Law,* 12 ST. MARY'S L.J. 462, 483 & n.128 (1980) ("An individual asserting an interest under a forged deed who maintains possession for a statutory prescribed length of time, however, may establish title under the claim of right theory of adverse possession."). Nevertheless, the Court does not decide Pogo's laches and public policy arguments.

Moore's potential Cuffie claims are barred by the statute of limitations. A claim based upon an alleged forgery of deeds is fundamentally a claim for fraud. Fraud claims in Texas are governed by a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *Geraghty and Miller, Inc. v. Conoco Inc.,* 234 F.3d 917, 931 (5th Cir. 2000). Texas also applies a discovery rule to fraud claims if brought beyond the four year limit; the limitations period is tolled until the injured party becomes aware of the cause of action. *See Geraghty, id.*

Pogo cites to correspondence from Moore sent to the Chairman of Pogo's Board of Directors dated and received in May 2001.[19] In this letter, Moore specifically asserted that he had information that Estes, the agent of Pogo's predecessor in interest, defrauded Frank and Florence Cuffie in the same manner he deceived the Hathorns and Coley Houston.[20] Moore provides no contrary evidence in response to Pogo's summary judgment proof. Moore therefore fails to raise a genuine issue of material fact that the Cuffie property-related claims accrued on or before May 2001, but were not asserted in court until he filed this suit on July 21, 2006, well after the four-year limitations period expired.

This action and all future suits based on the Cuffie property's claims are barred by the Texas four-year statute of limitations period. Pogo is therefore entitled to a declaratory judgment that it has no civil liability to Moore on any claim regarding property in the Cuffie property.[21]

---

[19] *See* Plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Hathorn and Houston Claims [Doc. # 20-3], Exhibit E. Indeed, after researching what he believed was his interest in the Cuffie property as early as 1999, Moore notified Pogo of his putative cause of action in May 2001. The four-year limitations period on the Cuffie property's claim therefore began to run no later than May 2001, the date of Moore's letter, and expired in May 2005.

[20] *Id.* at 5-6.

[21] Moore may claim that he did not acquire rights to sue for the wrongs to the Cuffie property until January 2006. *See* Mineral and Royalty Quitclaim Deed, Exhibit EE to Plaintiff's Motion for Partial Summary Judgment [Doc. # 21]. This fact does not change the result here. Moore's right to assert a particular claim, *i.e.,* his standing, is a separate consideration from

(continued...)

Pogo is entitled to summary judgment for a declaration that Moore has no timely claims against it arising from the Cuffie property.

### C. Injunctive Relief

Pogo seeks a permanent injunction prohibiting Moore from filing a complaint against Pogo with the SEC concerning matters arising from mineral and other putative rights claimed by Moore in connection with real property and mineral interests owned by Pogo. Moore objects to this relief. The Court concludes that such broad relief is not warranted. On the other hand, any administrative or judicial body to which Moore seeks to complain about these matters should have a complete picture of the lengthy, repetitive and unsuccessful history of Moore's assertion of his claims.

The Fifth Circuit has explained that "[g]enerally, to win a permanent injunction, a petitioner must show'"a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner.'" *Ballenger v. Mobil Oil Corp.*, 138 Fed. Appx. 615, 622 (5th Cir. 2005) (quoting *Posada v. Lamb County*, 716 F.2d 1066, 1070 (5th Cir. 1983)). "Permanent injunctions are never lightly given. They are hedged about with circumspection: to win one, a petitioner must show a clear threat of continuing illegality portending immediate harmful consequences irreparable in any

---

21    (...continued)
the date of accrual of the cause of action.

other manner." *Posada*, 716 F.2d at 1070 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 898 (1953); *Baldwin Metals Co., Inc. v. Donovan*, 642 F.2d 768, 775 & n.17 (5th Cir. 1981)).

It appears that Pogo seeks a permanent injunction without regard to any specific statute. "At common law, for a permanent injunction to issue the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) (recognizing that the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success)). The Fifth Circuit has explained that a "party seeking a permanent injunction must also plead and prove an irreparable injury for which no adequate remedy at law exists." *Id.* at 847-48 (citing *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 795 (Tex.App.-Houston [1st Dist.] 2001, no pet.)). For purposes of injunctive relief, an adequate remedy at law exists when the situation sought to be enjoined is capable of being remedied by legally measurable damages. *Id.* At 848 (citing *Haq v. America's Favorite Chicken Co.*, 921 S.W.2d 728, 730 (Tex.App.-Corpus Christi 1996, writ dism'd w.o.j.)).

The Court is unpersuaded that Pogo has established that Moore's threats of filing complaints with the SEC or other tribunals in the future concerning the wrongs allegedly suffered by Moore and his ancestors' in connection with alleged mineral and other interests associated with real property warrants a permanent injunction prohibiting him from petitioning his government or lodging any complaints at this time. While Moore has repeatedly sought to litigate the matters relating to his ancestors' properties, and has refused to honor numerous court rulings that his claims are time-barred or previously conclusively decided with regard to the Hathorn and Houston properties, he had not until this case obtained a definitive ruling on the Cuffie property-related claims. This Court now has issued such a ruling that the Cuffie claims (as well as the previously litigated claims regarding the other properties) are not legally viable. Moore now has had a full and fair opportunity to litigate these matters. Moore therefore is **warned** that filing further suits or claims in any tribunal raising any of the property claims arising from the 1920's events described in this Memorandum may well be an abuse of judicial or administrative systems.[22]

---

[22] Were Moore to continue to file litigation on these theories, a future court's assessment of the appropriateness of an injunction may well be different from that here. In light of the detailed rulings by this Court, Pogo would be able to plead and prove in a future case against Moore that it would prevail on *res judicata* grounds to defeat claims arising from Estes' allegedly wrongful conduct. It does not appear that Moore could pay a money judgment in Pogo's favor to cover legal expenses. Pogo thus would have a serious argument in a future case that it would suffer irreparable injury for which no adequate remedy at law exists.

The interests of judicial and administrative economy dictate that any tribunal in which Moore files a suit or claim concerning these matters must be informed of the full history of Moore's related litigation. The least restrictive procedure to accomplish this purpose is to require Moore to notify the presiding court or administrative agency of this Court's ruling and to attach to any future complaint, petition, or other initial pleading clear and full copies of this Memorandum and Order, as well as the Final Judgment being issued in this case. This requirement applies to all future proceedings commenced by Moore, whether filed under his own name, a business name (including but not limited to Texas Mineral Investment Group), or the name of any other person or entity.

## V.   CONCLUSION

Pogo has demonstrated that Moore's potential fraud claims based on Pogo's acquisition of mineral rights in the Houston, Hathorn, and Cuffie properties are barred by *res judicata* and/or the statute of limitations. A limited injunction also is appropriate.

Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motions for Partial Summary Judgment [Docs. # 20, # 21] are **GRANTED**. It is further

**ORDERED** that Defendant's Motion for Mandatory Judicial Notice by Affidavit [Doc. #31] and Motion for Judgment on the Pleadings [Doc. # 32] are **DENIED**. It is further

**ORDERED** that if Moore (either in his own name, in the name of the Texas Mineral Investors Group, or any other name) files a complaint, petition or other initial pleading, on his own behalf or on behalf of others, in any court or with any administrative agency against Pogo Producing Company, its directors, officers, employees, or their successors in interest, concerning any mineral or property rights arising from the conveyance of rights or property to Frank Estes in the 1920's, Moore must **ATTACH** to the complaint, petition or other initial pleading full and complete copies of both this Final Judgment and the Memorandum and Order entered in this case on this date.

The Court will issue a separate final judgment.

**SIGNED** at Houston, Texas, this **30th** day of **November, 2006**.

_____
Nancy F. Atlas
United States District Judge