**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| POGO PRODUCING COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2432 |
| | § | |
| KEM ANTHONY MOORE, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is an action for declaratory and injunctive relief in which Plaintiff Pogo Producing Company ("Pogo") seeks a declaratory judgment and an order enjoining Defendant Kem Anthony Moore ("Moore") or the Texas Mineral Investors Group ("TMIG") from filing a complaint against Pogo with the Securities and Exchange Commission ("SEC") concerning matters arising from mineral and other rights claimed by Moore in connection with real property now owned by Pogo. Pogo has filed a Motion to Amend the Judgment [Doc. # 46], a Motion for Partial Summary Judgment Regarding Claims of Texas Mineral Investors Group ("TMIG Motion") [Doc. # 56], a Motion for Partial Summary Judgment Regarding Injunctive Relief, or, Alternatively, Motion for Injunction Pursuant to All Writs Act ("All Writs Motion") [Doc. # 57], and a Motion for Final Judgment [Doc. # 59]. Moore has filed a Motion for Relief from Judgment ("Motion for Relief") [Doc. # 63][1] and a Motion

---

[1] The Motion for Relief from Judgment also contains, as an attachment, a separate Motion for Judgment on the Pleadings and Memorandum of Law [Doc. # 63-3].

Moore requested an extension of time in which to file his response to Pogo's Reply to his Motion for Relief. *See* Motion for Extension of Time [Doc. # 68]. That Motion is **granted**;

for Expert Witness Pursuant to F.R.E. Rule 702 ("Motion for Expert") [Doc. # 74]. Also before the Court is Pogo's Memorandum of Law Regarding Injunctive Relief [Doc. # 49] and Moore's response [Doc. # 50].[2]

## I. BACKGROUND

The factual and procedural history of this case is set out in detail in the Court's Memorandum and Order [Doc. # 42] on Pogo's summary judgment motion. Briefly, Moore asserts that one of Pogo's corporate predecessors in interest defrauded his ancestors, who allegedly were illiterate ex-slaves, of certain mineral rights. Specifically, Moore claims that Jason and Mary Hathorn, Coley Houston, and Frank Cuffie were the victims of fraud when allegedly forged deeds transferred their property to a company later acquired by Pogo.

On May 7, 2001, claiming to represent himself and the rightful heirs to these properties, Moore wrote to Pogo and demanded the non-negotiable sum of $50,000,000 in "reparations."[3] In return, Moore offered to refrain from filing criminal and civil complaints against Pogo and to "withhold from the public" information concerning his allegations.[4] He

---

the Court deems the response to have been timely filed and has considered it.

[2] The parties have also filed additional briefing on Moore's Motion for Judgment on the Pleadings [Doc. # 69]. The Motion addresses the merits of Moore's allegations, however, and the Court considers it adjudicated by the Memorandum and Order of Nov. 30, 2006 ("Summary Judgment Order") [Doc. # 42].

[3] Letter from Kem Anthony Moore to North Central Oil Corporation, dated May 7, 2001, Exhibit E to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-3], at 11.

[4] *Id.*

also indicated that he would file a complaint with the SEC, and that he expected the result to be a long and arduous investigation into Pogo and its individual directors.

Pogo rejected Moore's demands. True to his word, Moore began litigating his claims. He began by filing an action in Texas state court, attempting to reopen a 1927 lawsuit filed by the Hathorns. Moore asserted that the Hathorns had successfully sued to recover the mineral estate in their property, but that the judgment had not been honored. He has not been able to prove this assertion, however, as he cannot locate a copy of the judgment or any evidence of its content. In November 2001, the Texas state court dismissed this suit for lack of jurisdiction.[5] While this Texas state court case was still pending, Moore filed another suit against Pogo and others related to the company in the United States District Court for the Eastern District of Texas. He voluntarily dismissed that suit in November 2001.

Moore's next legal action was in 2004, when he filed another Federal court suit.[6] That court dismissed the case, holding that it was frivolous and failed to state a claim upon which relief could be granted.[7] Moore's claims were based in part on the 1927 Hathorn suit, which the Federal court determined commenced the limitations period on any claims related to that property. The Federal court accordingly held that Moore had filed his suit 73 years

---

[5] *See Jason Hathorn and Wife, Mary Hathorn v. Frank E. Estes, et al.,* Order Granting Motion to Dismiss for Want of Jurisdiction, Civil Action No. 4467 (28th Dist. Ct., Trinity County, Tex. Nov. 8, 2001), Exhibit B to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-2].

[6] *See Moore v. Pogo Producing Co.*, Civil Action No. H-04-0453.

[7] *See* Memorandum and Order of Dismissal, *Moore v. Pogo Producing Co.*, Civil Action No. 04-0453 (S.D. Tex. Feb. 12, 2004) (screening suit under 28 U.S.C. § 1915A(a)).

after expiration of the 4-year statute of limitations applicable to fraud and civil RICO claims.[8] Additionally, the court ruled that the *Rooker/Feldman* doctrine prohibited it from interfering with the state court's decision in the 1927 Hathorn suit. *See id*.; *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994), *cert. denied*, 513 U.S. 906 (1994).

Moore then filed two more civil suits. One in Texas state court related only to the Houston property. That suit was dismissed as frivolous in April, 2004.[9] The other suit, filed in the United States District Court for the Eastern District of Texas, related only to the Hathorn property. Moore voluntarily dismissed that suit in late 2004.

In 2006, Pogo filed the present suit against Moore asking for a declaratory judgment that his claims are frivolous and seeking an injunction prohibiting him from filing a complaint with "any state court, federal court, or other forum."[10] This Court granted summary judgment in Pogo's favor, holding that Moore's claims are barred by *res judicata* (as to the Hathorn and Coley estates) and the statute of limitations (as to the Cuffie estate). *See* Summary Judgment Order [Doc. # 42]. The Court denied Pogo's request for an injunction, however, reasoning that less restrictive methods of discouraging Moore from

---

[8]   *Id*. at 4.

[9]   *See Moore v. Pogo Producing Co.,* Order Granting Motion to Dismiss, Cause No. 2004-10797 (164th Dist. Ct., Harris County, Tex. April 26, 2004), Exhibit P to Plaintiff's Motion for Partial Summary Judgment [Doc. # 20-5].

[10]  Amended Complaint [Doc. # 36], at 4, ¶ 14; *id*. at 4-5, ¶ 16.

filing frivolous complaints were available.[11]  Pogo objected to the Court's ruling and filed a Motion to Alter Judgment [Doc. # 46].  At a hearing on that Motion, Moore consented to the extension of the preliminary injunction.[12]  The Court reopened the case and allowed the parties additional time to brief the issues on Pogo's request for a permanent injunction.  Pogo has now submitted further motions for summary judgment, and Moore has responded with his customary enthusiasm.  The matter is fully briefed and ripe for adjudication.

**II.   ANALYSIS**

    **A.   Moore's Motions**

As a preliminary matter, Moore requests relief from the Court's Summary Judgment Order.  He contends first that he was not properly served notice of the hearing that resulted in the initial temporary restraining order, and that Plaintiff's counsel committed fraud by alleging otherwise.[13]  *See* Minute Entry Order for July 5, 2006 [Doc. # 9].  Moore is not bound by that temporary restraining order, however.  On August 4, 2006, with Moore's agreement, the Court converted the restraining order into a preliminary injunction.  *See* Minute Entry Order for August 4, 2006 [Doc. # 12].  Moore agreed to the preliminary injunction again in December when the injunction was extended after the summary judgment ruling.  *See* Minute Entry Order for December 19, 2006 [Doc. # 54].  Moore's request to be relieved from the agreed preliminary injunction is without merit.

---

[11]   *See* Summary Judgment Order, at 18-19.

[12]   *See* Order of December 1, 2006 [Doc. # 48].

[13]   *See* Motion for Relief, at 4-10.

Moore also asks the Court to appoint an expert witness, specifically a "Polygraph Expert" to administer a polygraph test to him and his witnesses, and to offer "counsels for the Plaintiff Pogo Producing Company [an] opportunity to participate in the tests."[14] This request is rejected as entirely unnecessary. At no point in this proceeding has the Court made any determination regarding the credibility of any witness or party, and polygraph tests would be superfluous.

### B.     Texas Mineral Investors Group

Pogo's TMIG Motion asks the Court to extend the declaratory summary judgment it granted against Moore to the Texas Mineral Investors Group ("TMIG"), an assumed business name which Moore registered in Harris County on March 6, 2006.[15] TMIG was apparently originally registered to Moore alone,[16] but on April 15, 2006, he assigned a one-quarter interest in it to Lois Burton, Tina Horace, and Mina Pennington, his sisters.[17] Before he did so, however, Moore transferred portions of his putative interests in the Hathorn, Houston, and Coley estates to TMIG.[18] The Group and its members therefore own a portion of whatever interest in those estates Moore may have.

---

[14]     Motion for Expert Witness, at 18-19.

[15]     *See* Receipt of Certificate of Operation under Assumed Name ("TMIG Registration"), TMIG Motion, at Exhibit C.

[16]     *Id*; Deposition of Kem Anthony Moore ("Moore Depo."), TMIG Motion, Exhibit E, at 54.

[17]     *See* Assignment of Interest, TMIG Motion, at Exhibit D; Moore Depo., at 55.

[18]     *See* Warranty Deed, TMIG Motion, at Exhibit F, at 1-2.

Pogo argues that any claim TMIG could assert on the Hathorn, Houston, and Coley estates is barred by *res judicata* and the statute of limitations for the reasons set out in the Court's Summary Judgment Order. Although "[i]t is a fundamental principle of American jurisprudence that a person cannot be bound by a judgment in litigation to which he was not a party," *Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990), there is an exception for persons in privity with parties. *See id*. Such privity exists "where the non-party [to the previous litigation] is the successor in interest to a party's interest in property." *Id*. That is the case here; TMIG is Moore's successor in interest to the disputed mineral estates.[19] Moore and TMIG are therefore in privity, and TMIG's claims are barred by *res judicata* to the same extent as Moore's.

Nor may Moore, by bringing his claims through TMIG, escape the statute of limitations bar that doomed his earlier claims. At the time that Moore established TMIG in 2006, he had already allowed the limitations period on the Cuffie claims to lapse.[20] Because his knowledge of the claims is imputed to TMIG, he cannot restart the clock by selling it an interest in the property. TMIG is bound by this Court's declaratory judgment in all respects.

---

[19]  Moore does not assert that TMIG owns an interest in any property or has a legal claim distinct from his own property and interests.

[20]  Texas has a four-year statute of limitations on fraud, *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *Geraghty and Miller, Inc. v. Conoco Inc.,* 234 F.3d 917, 931 (5th Cir. 2000), and Moore became aware of his potential fraud claims no later than 2001. *See* Summary Judgment Order, at 14.

### C.     Injunctive Relief

Pogo seeks a broad injunction and is dissatisfied with the injunctive relief granted in the Summary Judgment Order.  Rather than merely enjoining Moore to submit a copy of the Court's ruling with any future filings,[21] Pogo asks that Moore be ordered to "refrain from orally complaining or from filing any action . . . against Pogo Producing Company . . . in any court, forum, tribunal, self-regulatory organization, or agency (including law enforcement), . . . whether for pecuniary advantage or otherwise, without first obtaining leave from this Court."[22]  The injunction is necessary, it contends, because Moore has threatened to file a complaint with the SEC and "the goodwill and business reputation of Pogo and its officers and directors will be harmed by the Defendant's frivolous SEC filing."[23] Such harm would be irreparable in and of itself, Pogo asserts, and would be compounded by the cost of defending against Moore's allegations because "Defendant does not have any assets to pay a judgment for the additional attorneys' fees Pogo will be forced to incur."[24]

The Fifth Circuit has explained that "[g]enerally, to win a permanent injunction, a petitioner must show 'a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner.'" *Ballenger v. Mobil Oil Corp.*, 138 Fed.

---

[21]     *See* Summary Judgment Order, at 19.

[22]     *See* Motion for Final Judgment, Proposed Final Judgment [Doc. # 59].  The proposed language exempts any filing in this case or an appeal of it.

[23]     *Id.*, at 14.

[24]     *Id.*

Appx. 615, 622 (5th Cir. 2005) (quoting *Posada v. Lamb County*, 716 F.2d 1066, 1070 (5th Cir. 1983)). "Permanent injunctions are never lightly given. They are hedged about with circumspection: to win one, a petitioner must show a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner." *Posada*, 716 F.2d at 1070 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 898 (1953); *Baldwin Metals Co., Inc. v. Donovan*, 642 F.2d 768, 775 & n.17 (5th Cir. 1981)).

Pogo essentially contends it will suffer irreparable injury in the absence of the requested broad injunction because, if Moore is not enjoined, he will continue—as threatened—to file frivolous suits against Pogo and its officers and directors based on claims barred by this and other courts, and because he is without any assets, and thus a money judgment and sanctions for his reimbursement of Pogo's attorney's fees are useless. Moore contends in response that there is no evidence that "Defendants pose an imminent threat of further pursuing any civil claims against Pogo or its Corporate Officials for that matter."[25] Moore's contention is hollow. He clearly intends to continue pursuing his claim against Pogo, its officers and its directors, as demonstrated by his request for relief from the preliminary injunction and his grave accusations, filed in response to the pending motions, of "criminal offenses . . . willfully committed solely by the officers and directors of officers of Pogo and their counsels."[26] He does not respond to Pogo's argument that it would incur

---

[25] Reply to Motion for Relief [Doc. # 69], at 5.

[26] *Id.* at 21. Moore also asserts that his claims "against Pogo's officers, directors, and agents are criminal in nature." *Id.* at 4.

irreparable harm should he continue to make these unfounded accusations in court or in administrative proceedings.

The Court finds that Pogo is entitled to an injunction against further harassment by Moore. As to complaints filed in courts of law, this relief is well established.[27] "Under the All Writs Statute, a federal court has the power to enjoin a party before it from attempting to relitigate the same issues or related issues precluded by the principles of *res judicata* and collateral estoppel in another federal court." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998) (citing 28 U.S.C. § 1651; *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 637 (5th Cir. 1971)), *cert. denied*, 404 U.S. 941 (1971). It is not as well established that the Court may bar Moore from filing complaints with regulatory agencies, but he has not argued or produced any authority to the contrary. Nor has the Court located any authority so limiting the scope of its power to grant injunctive relief. Because Moore's conduct since the case was reopened has made it clear that the requested injunction is appropriate, it will be granted.

The Court is mindful of Moore's First Amendment right to petition the government, but *groundless* complaints "are not within the scope of First Amendment protection." *Bill*

---

[27] Moore argues in passing that the Court's *res judicata* ruling should not apply to his accusations of criminal conduct. *See* Motion for Expert Witness, at 11-12; Reply to Motion for Relief [Doc. # 69], at 13-14; 16-21. The Court interprets this as Moore's argument that he should not be enjoined from filing future criminal complaints. The injunction sought by Pogo is a civil matter, however, and Moore has not identified in any of his many pleadings any valid basis for a criminal complaint against Pogo. If he has a valid criminal complaint, something that should not be asserted without serious factual basis and may well be barred by the applicable statute of limitations, he may apply to the Court for leave to bring the matter to the attention of the appropriate agency.

*Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition." (citations omitted)). Moore's complaints have been examined on the merits and found to be frivolous.[28] Moore repeatedly has filed suits, has indicated his intent to pursue criminal litigation, and recently has created TMIG to avoid the effect of this Court's orders. There is no indication that anything short of an injunction will deter him from squandering Pogo's and judicial or administrative resources on further futile, if not frivolous, claims and litigation over matters relating to his ancestors' land and alleged mineral rights. Accordingly, the Court will issue an injunction barring Moore, without prior leave of court, from pressing claims that Pogo or its predecessors in interest defrauded his ancestors of mineral estates.

## III. CONCLUSION

For years and in multiple courts, Moore has pursued his claims against Pogo and affiliated persons or entities, relating to wrongs allegedly perpetrated on his ancestors regarding their rights to land and alleged associated mineral interests. He has never obtained any favorable rulings or judgments. Moore's further assertion of these and related claims against Pogo would be an abuse of process. Moore, his successors, assigns, and any affiliated entities such as Texas Mineral Investors Group will be bound by the Court's injunction. It is therefore

---

[28] *See* Memorandum and Order of Dismissal, *Moore v. Pogo Producing Co.*, Civil Action No. 04-0453 (S.D. Tex. Feb. 12, 2004) (screening suit under 28 U.S.C. § 1915A(a)).

**ORDERED** that Defendant's Motion for an Extension of Time [Doc. # 68] is **GRANTED**. It is further

**ORDERED** that Defendant's Motion for Relief from Judgment [Doc. # 63] and Motion for Judgment on the Pleadings [Doc. # 63-3] are **DENIED**. It is further

**ORDERED** that Defendant's Motion for Expert Witness Pursuant to F.R.E. Rule 702 [Doc. # 74] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Amend the Judgment [Doc. # 46] is **GRANTED** in accordance with this Memorandum and Order. It is further

**ORDERED** that Plaintiff's Motions for Partial Summary Judgment [Docs. # 56, # 57] and its Motion for Final Judgment [Doc. # 59] are **GRANTED** in substantial part. It is further

**ORDERED** that Plaintiff Pogo Producing Company is entitled to judgment that Defendants Kem Moore's and Texas Mineral Investors Group's claims relating to wrongs allegedly perpetrated by Pogo Producing Company, or its predecessors in interest, upon Kem Moore's ancestors in connection with alleged rights to land and alleged associated mineral interests are barred as not legally viable. It is further

**ORDERED** that Defendants Kem Moore and Texas Mineral Investors Group, as well as their agents, servants, partners, employees, representatives, and those persons or entities acting in active concert or participation with them, who receive actual notice of this permanent injunction, are prohibited and enjoined (except as set forth below) from filing any

action, complaint, claim, suit, grievance, or similar instrument accusing Pogo Producing Company, its present, former or future agents, representatives, employees, directors, officers, attorneys, subsidiaries, assigns, predecessors, or successors in interest, of fraudulently or improperly acquiring mineral estates or interests from Kem Moore's ancestors or his other predecessors in interest. It is further

**ORDERED** that this prohibition applies to filings by Kem Moore, or those affiliated with or acting in concert with him, in *any* court, forum, tribunal, self-regulatory organization, or agency (including law enforcement). It is further

**ORDERED** that if Kem Moore or Texas Mineral Investors Group seeks to make any such filing, he must first obtain written permission from this Court, except that the present action is exempted from this injunction, and Kem Moore and Texas Mineral Investors Group may appeal in accordance with the applicable federal rules. It is further

**ORDERED** that Kem Moore shall deliver by hand *and* by first class mail copies of this Memorandum and Order and the Final Judgment to be entered in this case to Texas Mineral Investors Group and to each person who has been listed as having an interest in that entity, which persons shall include at a minimum Lois Burton, Tina Horace, and Mina Pennington.

The Court will issue a separate final judgment.

**SIGNED** at Houston, Texas, this **17th** day of **April, 2007**.

_____
Nancy F. Atlas
United States District Judge