# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| POGO PRODUCING COMPANY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-2432 | |
| § | | |
| KEM ANTHONY MOORE, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Leave of Court to File a Perjury Complaint ("Motion") [Doc. # 92] filed by Defendant Kem Anthony Moore and an affiliated entity, Texas Mineral Investor Group (collectively, "Movants"). Plaintiff Pogo Producing Company ("Pogo") has responded [Doc. # 93]. The Court has considered these documents, all pertinent matters of record, and applicable legal authorities. The Court concludes that Movants' Motion should be **denied**.

Movants seek permission of this Court to file a criminal complaint with the "United States Attorney General's Office" against Pogo Producing Company employees Paula Broussard and Nancy Krasinski.[1] Movants assert that Broussard and

---

[1] Motion, at 3.

Krasinski committed a variety of crimes[2] in connection with the Pogo's litigation with Moore regarding real property and mineral rights in which Movants claim an interest.[3] Movants' current motion is largely identical to a Motion they filed on July 20, 2007, requesting leave of the Court to file a perjury complaint against the same Pogo employees,[4] except that Movants make it more clear they assert that Broussard and Krasinski also allegedly committed other violations of law. In denying that Motion, the Court noted that "perjury" requires the false statement to be "material," and held that "that none of the representations cited by Movants was material."[5]

The Court reiterates its prior rulings and holds as a matter of law that Movants present no evidence that Broussard and Krasinski made false statements of a material nature, and thus Movants make no probable cause or other showing that these individuals committed any of the crimes alleged. The Court again holds that to allow Movants to proceed to lodge criminal complaints against Broussard and Krasinski would be merely harassing to these individuals and to Pogo itself.

---

[2]  Movants seek to have Broussard and Krasinski charged with "18 U.S.C.A. § 371 Conspiracy; 18 U.S.C.A. § 1341 Mail Fraud; 18 U.S.C.A. § 1621 Perjury General; and 18 U.S.C.A. § 1623 False Declarations Before a Grand Jury or Court." *Id*.

[3]  The factual record is set out in more detail in the Court's Memorandum and Order of Aug. 28, 2007 ("August Memorandum") [Doc. # 86], filed under seal.

[4]  Ex Parte Motion for Leave of Court to File Complaint of Perjury [Doc. # 84].

[5]  August Memorandum [Doc. # 86], at 3.

The Court notes that Movants contend that their request does not run afoul of the Permanent Injunction issued in this case, and that they should not be required to obtain permission of this Court before filing the desired criminal complaint. The Court's Permanent Injunction as amended, enjoins Movants "from filing any action, complaint, claim, suit, grievance, or similar instrument accusing Pogo Producing Company [and those affiliated with Pogo] of fraudulently or improperly acquiring mineral estates or interests from [Movants]."[6] Movants assert that "the prima fascia [*sic*] case underlying the current Motion relies largely on the same facts and evidence presented in [the underlying litigation], but do [*sic*] not involve the same cause of action, and more particularly, does not involve dispute over any of the mineral rights previously adjudicated by this Court, so as to violate the <u>permanent injunction</u> in place . . . ."[7]

Movants correctly sought leave to file the criminal complaint. The Court intended its Permanent Injunction [Doc. # 91] to encompass all actions relating to Movants' claims against Pogo, its agents, employees, and others affiliated with it. The Court therefore will amend the Injunction to make the intent more explicit. The Court also reminds Movants that anything filed with the Court must be in compliance with

---

[6] Amended Final Judgment and Permanent Injunction [Doc. # 91], at 1–2.

[7] Motion, at 1–2.

the Federal and Local Rules of Civil Procedure, including Federal Rule of Civil Procedure 11.[8]  It is therefore

**ORDERED** that Movants' Motion for Leave of Court to File Perjury Complaint [Doc. # 92] is **DENIED** in its entirety.

No motions for reconsideration will be entertained.

SIGNED at Houston, Texas, this 3rd day of **October, 2007**.

_____
Nancy F. Atlas
United States District Judge

---

[8]  Federal Rule of Civil Procedure 11 states that by presenting a paper to the court, "an unrepresented person is certifying to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." FED. R. CIV. P. 11(b).  A party who fails to comply with this Rule is subject to sanctions, including "directives of a nonmonetary nature, an order to pay a penalty into court, or . . . an order directing payment . . . of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." FED. R. CIV. P. 11(c)(2).