## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| POGO PRODUCING COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2432 |
| | § | |
| KEM ANTHONY MOORE, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Sanctions ("Motion") [Doc. # 96] filed by Plaintiff Pogo Producing Company ("Pogo").[1]  Defendants Kem Anthony Moore and Texas Mineral Investors Group, who have been proceeding *pro se*, have not responded, and the deadline for doing so has passed.[2]  The Court has considered the Motion, all pertinent matters of record and applicable legal authorities, and concludes that Pogo's Motion should be **granted in part and denied in part**.

---

[1]     Since the filing of this lawsuit, Pogo Producing Company has been acquired by another company and renamed Pogo Producing Company, LLC.  Pogo Producing Company, LLC has been substituted as Plaintiff in this case.  *See* Order of Oct. 16, 2007 [Doc. # 102].

[2]     Defendant Texas Mineral Investors Group ("TMIG") is partnership formed by Moore during the course of this litigation.  Moore assigned his putative mineral rights to TMIG, which has been held bound to all decisions made in this litigation.  *See* Memorandum and Order of April 17, 2007 [Doc. # 76], at 6–7.

I.    **PROCEDURAL BACKGROUND**

The factual record is set out in more detail in the Court's Memorandum and Order of October 30, 2006 [Doc. # 41].  Briefly, Pogo filed this lawsuit against Moore in 2006, seeking an injunction to stop Moore from filing a criminal complaint against Pogo with the Securities and Exchange Commission.

Since 2001, Moore has filed at least six lawsuits against Pogo challenging the validity of several mineral deeds allegedly executed by Moore's ancestors in the 1920s, conveying mineral interests now held by Pogo.[3]  Moore has also approached Pogo directly, demanding millions of dollars in exchange for Moore's promise to refrain from filing criminal and civil complaints against Pogo regarding the allegedly fraudulent deeds.  Moore's claims have been found meritless in both state and federal court.[4]  This Court found Moore's claims barred by *res judicata*.[5]

After issuing final judgment in favor of Pogo, this Court issued the requested permanent injunction.[6]  The injunction requires Moore, or anyone affiliated with Moore (such as TMIG), to obtain leave of the court before filing any future claims or

---

[3]    *See* Memorandum and Order of Oct. 30, 2006 [Doc. # 41].

[4]    *See id.*

[5]    *See id.*

[6]    *See* Memorandum and Order of April 17, 2007 [Doc. # 76].

complaints against Pogo or its affiliates accusing Pogo of fraudulently or improperly acquiring mineral estates or interests from Moore's ancestors.[7]

After issuing the injunction, Defendants filed an *ex parte* motion requesting permission to file a criminal complaint against two Pogo employees for alleged wrongful acts – *e.g.*, perjury and conspiracy – committed by them while litigating this case.[8]   The Court held that Defendants failed to establish that the named Pogo employees engaged in criminal wrongdoing and accordingly denied Defendants' request.   In so doing, the Court held that no motions for reconsideration would be entertained.[9]   Pogo subsequently requested, and was granted, an amendment to the permanent injunction to include the requirement that any motion by Defendants made under the injunction must be properly served on Pogo.[10]

Two weeks after the Court denied Defendants' request to file their criminal complaint and modified the permanent injunction in this case, Defendants' again requested leave to file essentially the same criminal complaint against the same Pogo

---

[7]      *See* Final Judgment [Doc. # 77].

[8]      *See* Ex Parte Motion for Leave of Court to File Complaint of Perjury [Doc. # 84].

[9]      *See* Memorandum and Order of Aug. 28, 2007 [Doc. # 86].

[10]     *See* Memorandum and Order of Sept. 7, 2007 [Doc. # 89]; Amended Final Judgment and Permanent Injunction [Doc. # 91].

employees.[11]  Defendants asserted that while the permanent injunction enjoined them "from filing any action, complaint, claim, suit, grievance, or similar instrument accusing Pogo Producing Company [and those affiliated with Pogo] from fraudulently or improperly acquiring mineral estates or interests from [Defendants], . . . [because] the prima fascia [sic] case underlying the current Motion . . . do[es] not involve the same cause of action, and more particularly, does not involve dispute over any of the mineral rights previously adjudicated by this Court, [the motion did not] violate the permanent injunction in place . . . ."[12]

Although denying Defendant's request, the Court held that Defendants were correct to seek leave to file the criminal complaint.  However, the Court held that it "intended its Permanent Injunction to encompass all actions relating to [Defendants'] claims against Pogo, its agents, employees, and others affiliated with it."[13]  Thus, the Court again amended the injunction to make clear that its prohibitions extend to suits accusing Pogo or its affiliates "of fraudulently or improperly acquiring mineral estates or interests from Kem Moore's ancestors or his other predecessors in interest or of

---

[11]     *See* Motion for Leave to File Perjury Complaint [Doc. # 92].

[12]     *See id.* at 1–2.

[13]     *See* Memorandum and Order of Oct. 3, 2007 [Doc. # 94], at 3.

wrongdoing associated with related claims or litigation."[14]  The Court also reminded the parties that all submissions to the Court must comply with all rules of procedure, including Federal Rule of Civil Procedure 11.[15]

Pogo has now filed the pending Motion, requesting that the Court sanction Defendants for filing their second motion requesting leave to pursue a criminal complaint against the named Pogo employees.  Pogo is seeking an order that Defendants "cease filing similar motions" and payment of Pogo's attorneys' fees.[16]

## II.   **RULE 11  SANCTIONS**

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1)     it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;

(2)     the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

---

[14]     *See id.* at 3; Second Amended Final Judgment and Permanent Injunction [Doc. # 95], at 2.

[15]     *See* Memorandum and Order of Oct. 3, 2007 [Doc. # 94], at 3–4.

[16]     *See* Motion for Sanctions [Doc. # 96], ¶ 3.

> (3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b).

Sanctions against litigants or their attorneys may be appropriate if, "after notice and a reasonable opportunity to respond, the court determines that subsection (b) has been violated." *Id.* at 11(c). A violation of any of Rule 11(b)'s provisions justifies sanctions. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). A district court has "'broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11.'" *Matter of Dragoo*, 186 F.3d 614, 616 (5th Cir. 1999) (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir. 1992)). However, a court should impose "'the least severe sanction that is adequate to fulfill this purpose.'" *Id.* (quoting *Am. Airlines*, 968 F.2d at 533).

The goal of Rule 11 is to "impose a duty to base claims upon factually and legally supportable grounds and to punish litigants and lawyers who unreasonably pursue frivolous suits." *FDIC v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994). In assessing a litigant's conduct, the Court considers whether the lawyer's certification that he has complied with Rule 11(b) is objectively reasonable under the circumstances and whether the filing was submitted for an improper purpose. *Id.*; *Whitehead*, 332

F.3d at 805. The party moving for sanctions bears the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). A district court's decision whether to impose Rule 11 sanctions is subject to reversal if the Court abuses its discretion. *Whitehead*, 332 F.3d at 802; *Eilliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995).

The Court is very sympathetic to Pogo's situation. However, Moore's original "Motion for Leave of Court to File Complaint of Perjury" [Doc. # 84] was followed by requests by Pogo to amend the existing injunction to make clear Pogo's objection to Moore filing *ex parte* motions under the injunction. Thus, the Court is satisfied that Moore could have misunderstood the basis for the Court's denial of his original motion as being premised largely on the fact that it was filed *ex parte*. Therefore, monetary sanctions are not warranted at this time.

However, the Court has made clear that there is no basis for criminal charges to be brought against Pogo employees for conduct related to litigating this case. Hence, it is ordered that Moore is to cease filing motions requesting leave of the Court to file criminal complaints against Pogo employees based on allegations that the employees filed perjured affidavits. or otherwise engaged in criminal wrongdoing in litigating this lawsuit. Moreover, Moore should be on notice that the Court will not countenance future attempts on his part to harass Pogo by filing frivolous motions or legal

proceedings.  The Court reminds Defendants of the permanent injunction issued in this case and expects Moore, and all others subject to the permanent injunction in this case, to respect orders of this Court.  Defendants and all others subject to the permanent injunction are warned they must adhere carefully to their obligations under Rule 11(a) of the Federal Rules of Civil Procedure.

## III.    CONCLUSION

For the foregoing reasons, it is therefore

**ORDERED** that Plaintiff's Motion for Sanctions [Doc. # 96] is **GRANTED IN PART and DENIED IN PART**.  The Court declines to impose monetary sanctions against Defendants, but does order that Moore, and anyone acting through or on behalf of Moore, (i) **must not** file any additional motions seeking leave to file a criminal complaint against Pogo employees for criminal wrongdoing associated with litigating this lawsuit and (ii) **must** comply with Rule 11(a) to the fullest.

SIGNED at Houston, Texas, this 21st day of **November, 2007**.

Nancy F. Atlas
United States District Judge